IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:97-cr-450 |
| | ) | |
| GRANT D. MOCTAR, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This matter is before the Court on motion from Grant D. Moctar ("Moctar"), a federal prisoner moving *pro se* to amend his sentence to run concurrent with his prior state sentence, instead of consecutive to his prior state sentence. [Dkt. 14.] For the following reasons, the Court will deny the motion.

## I. Background

Moctar appeared before this Court in 1998 for sentencing after pleading guilty to one count of possessing an unregistered firearm and aiding and abetting, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2. Moctar possessed an improvised gun while he was in prison serving a 984-month-to-life sentence for various state law crimes, including first degree murder. While in prison, Moctar arranged to be shot in the leg with the improvised gun in a failed attempt to manufacture a lawsuit against the District of Columbia

Department of Corrections. This Court sentenced Moctar to thirty-seven months imprisonment to run consecutive to his state sentence, followed by three years of supervised release.

Moctar moved this Court in November 2015 to amend his sentence to run concurrent with, rather than consecutive to, his state sentence. He seeks this amendment in an effort to become qualified for relocation to a less secure prison facility with better vocational training, work details, and programming options. According to Moctar, he has qualified for relocation by demonstrating an "ability to effectively meet institutional requirements that also includes good behavior." The consecutive sentence this Court imposed, however, creates a "public safety factor" that prevents him from being relocated. Thus, Moctar asks the Court to modify his sentence to run concurrent with his state sentence, which, according to him, would remove the public safety factor from his record and permit his relocation.

The parties have fully briefed this motion and the matter is ripe for disposition.

## II.  Analysis

A motion to amend a sentence to run concurrent, instead of consecutive, is treated as a motion for sentence modification under 18 U.S.C. § 3582(c). *See United States v. Todd*, No. C-91-190, 2009 WL 311082, at *1 (S.D. Tex. Feb. 5, 2009) (request to run sentences concurrent "can only be

2

construed as a motion to alter or reduce his sentence"); *United States v. Williford*, No. 5:04-cr-101, 2009 WL 2355813, at *1 (M.D. Ga. July 27, 2009) (evaluating motion to amend consecutive sentence as a motion under 18 U.S.C. § 3582(c)); *United States v. Balagula*, 275 F. Supp. 2d 307, 308 (E.D.N.Y. 2003) (same). Section 3582(c) strictly limits a district court's authority to modify a sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial 'change of heart.'"). A district court may do so only when "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits." *Id.* (emphasis in original); 18 U.S.C. § 3582(c).

Moctar does not demonstrate, or even attempt to demonstrate, that he satisfies one of the section 3582(c) grounds for modification. Neither the Bureau of Prisons nor the Government has moved for a modification of Moctar's sentence. *Cf.* 18 U.S.C. §§ 3582(c)(1)(A), (B). Moctar does not argue that his sentence is the product of an error within the meaning of Rule 35(a) or was based on a sentencing range that has been lowered. *Cf.* 18 U.S.C. §§ 3582(c)(1)(B), 3582(c)(2). In fact, Moctar expressly states that he is not attempting to challenge the validity of his underlying sentence. (*See* Reply [Dkt. 24] at 1 ("Defendant's Motion to Amend Judgment of Conviction was

3

not meant to challenge his underlying sentence and conviction.").)  Accordingly, the Court will not modify Motar's sentence pursuant to 18 U.S.C. § 3582(c).

The Court also will not exercise its "discretion" to modify Moctar's sentence, as his briefing appears to request. This Court has no inherent discretionary authority to modify a final sentence. *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed.'"). Thus, despite Moctar's encouraging recent rehabilitative efforts, the Court has no discretion to modify his sentence from a consecutive term to a concurrent term.

### III. Conclusion

For the reasons stated above, the Court will deny Moctar's motion to amend.

Moctar is advised that he may appeal from the final order entered pursuant to this Memorandum Opinion and accompanying order by filing a written notice of appeal with the Clerk of this Court within sixty (60) days from the date of entry of this judgment.  For the reasons reflected above, the

4

Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

        An appropriate order will issue.

                                                          /s/  
April 26, 2016                          James C. Cacheris  
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE